69 F.3d 547
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Dr. Arturo GARCIA; Christa M. Garcia, Plaintiffs-Appellants,
v.
UNITED STATES of America, a sovereign entity, Defendant,
Ernesto ORTIZ, Special Agent for the Drug Enforcement
Administration; Desi Garcia, an officer with the
Albuquerque Police Department; James Tierney, an Assistant
United States Attorney; Carla Gandara, an Officer with the
Albuquerque Police Department; Dan Luna, an Officer with
the Albuquerque Police Department; John Brenna, an Officer
with the Albuquerque Police Department; Ruben Garcia, an
Officer with the Albuquerque Police Department; Chris
Pargas, an Officer with the Albuquerque Police Department;
John Lovato, an Officer with the Albuquerque Police
Department, Defendants-Appellees.
 No. 94-2252.
(D.C.No. CIV-91-900-LH/JHG).
 United States Court of Appeals, Tenth Circuit.
 Oct. 30, 1995.
 
 Before MOORE, BARRETT, and WEIS, Circuit Judges.*
 
 ORDER AND JUDGMENT[1]
 BARRETT
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiffs, Dr. Arturo Garcia and his wife Christa Garcia, appeal from a district court judgment dismissing their civil rights action for unlawful seizure and wrongful prosecution. On de novo review of the district court's determinations under Fed.R.Civ.P. 12(b)(6), see Hunt v. Bennett, 17 F.3d 1263, 1265 (10th Cir.), cert. denied, 115 S.Ct. 107 (1994), and Fed.R.Civ.P. 56(c), see James v. Sears, Roebuck & Co., 21 F.3d 989, 997-98 (10th Cir.1994), we affirm for the reasons stated below.
 
 
 3
 Following their acquittal on charges of conspiracy to possess with intent to distribute the schedule II prescription drug, Preludin, plaintiffs brought this suit for damages and declaratory relief, alleging that special agent Ortiz secured their arrest, and Assistant United States Attorney (AUSA) Tierney thereafter prosecuted them,[2] "without probable cause ..., thereby subjecting Defendants Tierney and Ortiz to liability under Bivens [v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) ]." R. 130. The remaining individual defendants[3] are all Albuquerque Police Department (APD) officers who were involved in the criminal investigation culminating in plaintiffs' arrest. Plaintiffs alleged these APD officers "misrepresented fact, and failed to divulge exculpatory evidence" in the course of their investigation and, thus, "caused the Plaintiffs to be arrested and prosecuted without probable cause ..., thereby subjecting Defendants to liability under [42 U.S.C.] 1983." Id.
 
 
 4
 The district court granted summary judgment in favor of defendant Ortiz and dismissed plaintiffs' claim against defendant Tierney for the same basic reason: the record establishes probable cause supporting plaintiffs' arrest and prosecution as a matter of law, notwithstanding plaintiffs' ultimate acquittal. We agree with this conclusion. While plaintiffs argue the weight, accuracy, and/or interpretation of various items of evidence developed by defendants, they fail to raise a genuine issue of fact material to the outcome of this case, i.e., they do not undermine confidence in any factual matter "so probative as to negate probable cause." Stewart v. Donges, 915 F.2d 572, 582 n. 13 (10th Cir.1990)(stating standard for "materiality" of information relating to probable cause determination in false arrest context). See generally Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)(explaining materiality and genuineness of factual dispute necessary to preclude summary judgment generally). We note further that this legal conclusion regarding probable cause is equally fatal to plaintiffs' claim against the APD defendants, whose actions perforce did not result in an unlawful arrest as alleged.
 
 
 5
 In our view of the record and the appellate briefs, plaintiffs can complain only that defendants might have done more to recognize and/or develop the evidence of their factual innocence once probable cause for arrest was uncovered. Pertinent case law demonstrates such a complaint does not make out an actionable constitutional claim. Cf., e.g., Romero v. Fay, 45 F.3d 1472, 1476-78, 1480-81 (10th Cir.1995); Beard v. City of Northglenn, 24 F.3d 110, 114-17 (10th Cir.1994).
 
 
 6
 Plaintiffs' objection that they were not allowed adequate discovery before the district court's determination of summary judgment is meritless. In light of their failure to present and preserve the discovery issue in accordance with Fed.R.Civ.P. 56(f), we deem it waived. See DiCesare v. Stuart, 12 F.3d 973, 979 (10th Cir.1993); Committee for the First Amendment v. Campbell, 962 F.2d 1517, 1522 (10th Cir.1992); Dreiling v. Peugeot Motors of Am., Inc., 850 F.2d 1373, 1376 (10th Cir.1988).
 
 
 
 *
 Honorable Joseph F. Weis, Jr., Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 [2]
 Evidently to avoid absolute immunity problems, see Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); see also Forrester v. White, 484 U.S. 219, 228-29 (1988), plaintiffs sought only declaratory relief with respect to AUSA Tierney's alleged misconduct. See R. 131
 
 
 [3]
 The defendant United States of America was dismissed from the case in an order that has not been challenged on appeal